■ In the Matter of LOURDES CERDA et al., Children Alleged to Be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; CORPORINA CERDA et al., Respondents.—Order, Family Court, New York County (Ruth Jane Zuckerman, J.), entered May 7, 1985, dismissing three neglect petitions filed by the Commissioner of Social Services of the City of New York, unanimously reversed, on the law and the facts, without costs or disbursements, a finding of neglect entered as to each of the petitions and the matter remanded to Family Court for a dispositional hearing.

A reading of the trial record discloses that petitioner, the Commissioner of Social Services of the City of New York, made a prima facie showing of neglect on the ground of improper supervision, by proof that four siblings, three of whom are involved herein and all of whom are of tender years, sustained repeated injuries, as to the origins of which respondents, their parents, failed to sustain their burden of satisfactorily explaining. The proof showed that Lourdes, five years old, had suffered a lacerated lip and contacted vaginitis from poor hygiene; Carmen, four years old, had sustained a facial injury requiring six sutures and, when she was just two, had access to a container of diet pills; Jessica, two years old, had, before her death from a cause not attributable to neglect or abuse, suffered a fractured skull, a broken arm and a burn; Elia, less than a year old, had several burn scars on his inner thighs; and all of the children were dressed in dirty clothes and had exhibited an intense body odor, attributable to poor hygiene. In her testimony the mother offered an explanation only for Jessica's fractured arm. Additionally, her out-of-court, self-serving explanations, elicited during the testimony of petitioner's witnesses, were either inconsistent with or contrary to unimpeached expert testimony. The father's explanations contradicted those of the mother or were otherwise inadequate to account for the continuous pattern of serious injuries sustained by the children. On such a record Family Court dismissed the petitions, finding that the injuries were minor and that the parents had given adequate explanations for them. This was error.

Evidence of injuries to a child of a type not ordinarily sustained or existing except by reason of the acts or omissions of the parent is prima facie proof of child abuse or neglect. (Family Ct Act § 1046 [a] [ii].) Once the statutory conditions

are met and a prima facie case of neglect is established the "burden of coming forward with proof" shifts from the petitioner to the parent, who is then required to offer satisfactory explanation for the child's injuries. *(Matter of Tashyne L.,* 53 AD2d 629, 630, quoting *Matter of Young,* 50 Misc 2d 271, 273.) In declining to make findings of neglect against both parents Family Court failed to consider the record as a whole, as it should have. *(See, e.g., Matter of Tammie Z.,* 105 AD2d 463, 464, *affd* 66 NY2d 1; *Matter of Toni WW,* 52 AD2d 108, 110.) Instead, it improperly considered each injury and infliction as though it were an isolated condition, and ignored the pattern of repeated injuries coupled with the well-worn excuse that each injury was accidental. "[T]he credibility of the 'accident' explanation diminishes as the instances of similar alleged 'accidental' injury increase." *(People v Henson,* 33 NY2d 63, 73.) We find neglect on the part of both parents on the basis of their failure to provide proper supervision for their children and remand for a dispositional hearing. Concur—Sandler, J. P., Sullivan, Bloom, Lynch and Kassal, JJ.