■ In the Matter of TIFFANY F. and Another, Children Alleged to be Abused. AWILDA R. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES, Appellant. [613 NYS2d 631] —Order, Family Court, New York County (Sheldon M. Rand, J.), entered December 17, 1993, which, *inter alia,* dismissed the petitions charging the respondents with abuse following a fact-finding hearing, unanimously reversed, on the law and the facts, without costs, the petitions alleging abuse are reinstated, findings of abuse are entered against the respondents, and the matter is remitted to the Family Court for a dispositional hearing.

Petitions were filed against the respondents charging them, *inter alia,* with abuse of their daughters, Ashley, born in June of 1993 and Tiffany, born in May of 1991. Specifically, the petitions alleged that Ashley had eleven second degree burns on her body, the shape of which were consistent with cigarette burns, for which the respondents failed to provide adequate explanations. Tiffany was alleged to have been derivatively abused.

Following a fact-finding hearing, the Family Court, crediting the testimony of the respondent mother and finding the opinions of the medical experts "diametrically opposed", concluded that the petitioner failed to prove its case by a preponderance of the evidence and dismissed the petitions. We reverse.

At the hearing, Dr. Philip Ozuah, the Director of the Pediatric Residency Program at Montefiore Medical Center, examined Ashley on July 21, 1993, when she was four weeks

old. The child had nine round lesions on her scalp, one behind her ear and two on her left arm. He estimated that the lesions, which were oozing, were 24 to 48 hours old. The top layer of skin was missing, the inner layer was exposed and there was hair loss around the lesions on the scalp. In Dr. Ozuah's opinion, the lesions were consistent with cigarette burns. Although the respondent mother told him that the lesions were the result of roach bites and later told a nurse that a cat had caused the injuries, Dr. Ozuah ruled out these possibilities as well as any skin condition as the cause of the lesions. Although he told the mother that the child should be admitted to the hospital, she left the facility with the child.

The petitioner established a prima facie case of child abuse by demonstrating that the respondents' child Ashley sustained injuries which would ordinarily not occur absent acts or omissions of the parents and that the parents were the caretakers of the child at the time the injuries occurred (Family Ct Act § 1046 [a] [ii]; see, Matter of Philip M., 82 NY2d 238, 243). The injuries to the four week old child created a substantial risk of protracted disfigurement or impairment of physical health (Matter of Roy T., 126 Misc 2d 172). It is undisputed that the respondents were the child's caretakers during the time the injuries occurred. The mother's admission to a caseworker that the father had told her not to go to the hospital because he was afraid that the child would be removed from their care was further evidence in support of the petitions, as was the fact that the mother had previously been found to have neglected another child (Family Ct Act § 1046 [a] [i]).

Once this prima facie case was established, the respondents had the burden of going forward to rebut the evidence of parental culpability (see, Matter of Philip M., supra, at 244) by, e.g., demonstrating that during the time period when the child was injured, the child was not in their care (see, Matter of Vincent M., 193 AD2d 398), demonstrating that the injury or condition could reasonably have occurred accidentally, without the acts or omissions of the respondents (see, Matter of Eric G., 99 AD2d 835) or counter the evidence that the child had the condition which was the basis for the finding of injury (see, Matter of Smith, 128 AD2d 784, lv denied 69 NY2d 613). The respondents failed to rebut the evidence of parental culpability.

Although their medical expert testified that she did not know what caused the child's lesions, she did not believe that they were caused by cigarette burns. However, she examined the child some nine hours after Dr. Ozuah, when the wounds

were no longer oozing. Moreover, she could not rule out the possibility of burns although she believed that a more likely cause was by the skin being rubbed against an abrasive surface, with the lesions resulting from some traumatic force. While great deference is to be accorded the credibility determinations of the trier of fact *(see, Matter of Irene O.,* 38 NY2d 776), in the exercise of our own assessment of credibility *(see, Matter of Rockland County Dept. of Social Servs. [Kathryn B.],* 186 AD2d 136, 137-138; *Matter of Jaclyn P.,* 179 AD2d 646, 651), we find the testimony of Dr. Ozuah more compelling than that of the respondents' expert. Assuming arguendo, that this expert's testimony was the more credible as the Family Court found, the court still erred in not entering findings of abuse since the child's lesions had to have resulted from some behavior on the part of the caretakers. She was only four weeks old and was, therefore, likely to have been unable to have caused such injuries to herself in the manner described by the expert.

The respondents' expert also conceded that the lesions were cause for concern and rejected the various and conflicting theories advanced by the respondents, admitted smokers, as to the cause of the child's injuries. These contradictory and unsupported explanations failed to rebut the petitioner's prima facie case *(see, Matter of James P.,* 137 AD2d 461; *Matter of Cerda,* 114 AD2d 795; *Matter of Shawniece E.,* 110 AD2d 900). Our review of the entire record leads us to conclude that the allegations of abuse were established by a preponderance of credible evidence (Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117; *Matter of Tammie Z.,* 66 NY2d 1, 3).

The order of dismissal must therefore be vacated and a finding of abuse against the respondents with respect to Ashley must be entered. A finding of derivative abuse must also be entered with respect to Tiffany (Family Ct Act § 1046 [a] [i]), since "[e]vidence of the physical abuse of one child logically supports the conclusion that the parents have a faulty understanding of the duties of parenthood" sufficient to infer an ongoing danger to their other children *(Matter of Christina Maria C.,* 89 AD2d 855). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.