■ In the Matter of NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, on Behalf of H. AND J. CHILDREN, Appellant-Respondent, v CARMEN J., Respondent, and HECTOR H., Respondent-Appellant. [619 NYS2d 65] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner and the Law Guardian separately appeal, as limited by their brief, from so much of an order of the Family Court, Queens County (De Phillips, J.), dated June 14, 1994, as, after a fact-finding hearing, (1) dismissed the petition against Carmen J., the mother of the subject children, (2) dismissed all of the petition except for the charge of neglect of Manuel J. against Hector H., the mother's paramour, and (3) released all three children to Carmen J., and Hector H. cross-appeals from so much of the same order as found that he had neglected Manuel J.

Ordered that the order is modified, on the facts, by deleting the provisions thereof which dismissed the allegation of abuse of Manuel J. against Hector H., the allegation of neglect of Manuel J. against Carmen J., and the allegations of neglect of Natasha J. and Hector J. against both Carmen J. and Hector H., and substituting therefor provisions sustaining those allegations; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing.

Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243). The petitioner met its burden in this case by proving that (1) the spiral fracture of the femur sustained by 22-month-old Manuel J. was of such a nature as would ordinarily not have been sustained except by reason of the acts or omissions of the respondents, who were the caretakers of the infant at the time the injury occurred (see, Family Ct Act § 1046 [b] [i]). Since a prima facie case was established by the petitioner, the burden of going forward shifted to the respondent and the respondent-appellant to rebut the evidence of parental culpability (see, Matter of Philip M., supra, at 244).

In this case, the respondent and the respondent-appellant sought to rebut the evidence of parental culpability by demonstrating that the spiral fracture sustained by the infant could reasonably have occurred as the result of an accidental fall out of a bathtub. Accordingly, their expert, who never examined the infant, testified that the spiral fracture of the femur could have occurred in "a number of ways", and, further, opined that it was possible for the injury to have occurred in a fall from the bathtub. Significantly, however, the expert noted that a spiral fracture was compatible with abuse and acknowledged that while such a fracture, by itself, may not necessarily lead to a diagnosis of abuse, abuse may be confirmed where a child also displays other marks or injuries. In light of this expert evidence, we note that Manuel did in fact display marks and injuries in addition to the spiral fracture. Indeed, the petitioner's expert, who examined the infant a day after he was admitted to the hospital, testified that the infant displayed (1) a bruise on the left rib cage which was "fairly recent" and which prompted a skeletal survey, (2) another bruise on the bottom of his left foot which was "relatively recent" and which "could have occurred at the same time as the femoral shaft fracture", (3) another bruise on his left temple, (4) another bruise in the mid-portion of his back, older than the other bruises, and (5) a burn mark under his chin. Notably, although cognizant of these other injuries, the respondent and respondent-appellant's expert based his opinion on the nature of the fracture itself, stating: "I only focus my testimony on the radiologic findings".

We find that the presence of the extensive attendant injuries is particularly probative in ascertaining whether the infant's spiral fracture could reasonably have been caused by his accidentally falling out of the bathtub, as the respondent and the respondent-appellant have contended. That is, the presence of these marks and injuries renders much less reasonable the conclusion that the spiral fracture was in fact occasioned in the manner claimed by the respondents. Accordingly, we conclude that the respondent and the respondent-appellant failed to rebut the prima facie case established by the petitioner.

Of course, this shortcoming does not conclude our inquiry. Indeed, regardless of whether a respondent successfully challenges the petitioner's prima facie case, a finding of abuse or neglect must be established by "a preponderance of the evidence" and this presents the ultimate issue (see, Family Ct Act § 1046 [b] [i]; see, Matter of Philip M., supra, at 244). To

this end, despite the deference generally accorded the hearing court's credibility assessments (see, Matter of Carine T., 183 AD2d 902, 903), we nevertheless are free to make our own credibility assessment and, where proper, issue a finding of abuse or neglect on the state of the record before us (see, Matter of Rockland County Dept. of Social Servs. [Kathryn B.], 186 AD2d 136, 137-138). We view this case as warranting such action because the weight of the evidence so strongly favors a finding that Manuel was a victim of abuse. In short, notwithstanding the Family Court's credibility determinations (see, Matter of Tiffany F., 205 AD2d 429), our review of the entire record compels the conclusion that the petitioner established by a preponderance of the evidence that Hector H. abused Manuel and that Carmen J. neglected him (see, Family Ct Act § 1012 [f] [i]; Matter of Nicole V., 71 NY2d 112, 117; cf., Matter of Eric G., 99 AD2d 835).

We further conclude that the proof of the abuse and neglect of Manuel was sufficient, under the particular facts of this case, to establish that Manuel's siblings, Natasha and Hector, were neglected children (see, Family Ct Act § 1046 [a] [i]; Matter of Cruz, 121 AD2d 901, 902; Matter of Christina Maria C., 89 AD2d 855).

We have examined the parties' remaining contentions and find them to be without merit. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.