■ In the Matter of BRIANA R., a Child Alleged to be Abused. LUZ M. et al., Respondents; MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [653 NYS2d 765] —Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding pursuant to article 10 of the Family Court Act, alleging that 20-month-old Briana was abused by respondents. Following a fact-finding hearing, Family Court found that petitioner had made a prima facie showing of child abuse by presenting proof of injuries sustained by the child of such a nature as would ordinarily not occur except by reason of the acts or omissions of respondents, the child's caretakers (see, Family Ct Act § 1046 [a] [ii]). The court also found that the evidence presented by respondents was sufficient to demonstrate that the injuries to the child could reasonably have occurred accidentally, without the acts or omissions of respondents (see, *Matter of Philip M.*, 82 NY2d 238, 244). The court therefore found that petitioner failed to meet its burden of proving that the child had been abused or neglected by respondents and dismissed the petition. We reverse.

Three physicians testified in support of the petition. The radiologist who examined the child's X-rays testified that, on June 20, the child was admitted to the hospital as the result of a fracture of her left humerus. In addition, he determined that, between that date and July 20, the child sustained a second fracture of her left humerus, along with the fractures of her left radius, ulna and rib, left and right clavicles, right fibula and third metacarpal. On July 20 the child was admitted to the hospital as the result of asphyxiation. Two of her treating physicians testified that, upon both hospital admissions, the child also had multiple bruises of varying ages. Based upon the presence of multiple injuries at different stages of

healing and the inconsistency of respondents' explanations for those injuries with their medical findings, all three physicians concluded that the child had been abused.

We agree with the court that petitioner's proof that the child sustained injuries that would not ordinarily occur absent an act or omission of respondents constitutes a prima facie case of child abuse (*see,* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M., supra,* at 243-244). Contrary to the court's further finding, however, we find that respondents failed to rebut that prima facie case with credible evidence demonstrating that the injuries to the child could reasonably have occurred accidently, without the acts or omissions of respondents (*see, Matter of Philip M., supra,* at 244; *Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J.,* 209 AD2d 525, 526; *Matter of Vincent M.,* 193 AD2d 398, 402). In accepting the explanations proffered by respondents, the court "considered each injury and infliction as though it were an isolated condition, and ignored the pattern of repeated injuries coupled with the well-worn excuse that each injury was accidental. '[T]he credibility of the "accident" explanation diminishes as the instances of similar alleged "accidental" injury increase' " (*Matter of Cerda,* 114 AD2d 795, 796, quoting *People v Henson,* 33 NY2d 63, 73).

Upon our independent factual review, therefore, we find that the weight of the credible evidence establishes that respondents abused Briana, and we remit the matter to Monroe County Family Court for a dispositional hearing before a different Judge. (Appeal from Order of Monroe County Family Court, Kohout, J.—Abuse.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.