■ In the Matter of Daniel R., Jr., a Child Alleged to be Neglected. Daniel R., Sr., Respondent; Niagara County Department of Social Services, Appellant. (Appeal No. 1.) [663 NYS2d 1025] —Appeal unanimously dismissed without costs. Same Memorandum as in *Matter of Daniel R.* (241 AD2d 956 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Vacate Order.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.

■ In the Matter of Daniel R., Jr., a Child Alleged to be Neglected. Daniel R., Sr., Respondent; Niagara County Department of Social Services, Appellant. (Appeal No. 2.) [661 NYS2d 382] —Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Following a fact-finding hearing, Family Court dismissed the petition alleging that respondent had abused and/or neglected his three-year-old son. The court found that the testimony of the various wit-

nesses presented by petitioner was credible and that the child sustained the injuries alleged in the petition, but further found that respondent offered an explanation of the injuries that was equally credible. The court found that petitioner failed to meet its burden of proving by a preponderance of the credible evidence that the injuries were caused by respondent. Upon our review of the record, we find that, although the evidence does not support a finding of abuse, it does support a finding that the child was neglected within the meaning of the Family Court Act.

Petitioner's proof that the child sustained injuries that would not ordinarily occur absent an act or omission of respondent constitutes a prima facie case of neglect (*see,* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.,* 82 NY2d 238, 243-244; *Matter of Briana R.,* 236 AD2d 830). Contrary to the court's finding, however, we conclude that respondent failed to rebut that prima facie case with credible evidence demonstrating that the injuries to the child could reasonably have occurred accidentally without respondent's acts or omissions (*see, Matter of Philip M., supra,* at 244; *Matter of Briana R., supra*). Although respondent offered proof that the child was "clumsy" and fell down quite a bit, that proof would not explain the adult bite marks on the child's leg nor the large X-shaped scratches on the child's back. Respondent's proof also fails to explain the child's failure to thrive while in respondent's care and custody. In accepting the explanation proffered by respondent, the court "improperly considered each injury and infliction as though it were an isolated condition, and ignored the pattern of repeated injuries coupled with the well-worn excuse that each injury was accidental. '[T]he credibility of the "accident" explanation diminishes as the instances of similar alleged "accidental" injury increase' " (*Matter of Cerda,* 114 AD2d 795, 796, quoting *People v Henson,* 33 NY2d 63, 73; *see, Matter of Briana R., supra*).

Although the findings of the nisi prius court must be accorded the greatest respect (*see, Matter of Irene O.,* 38 NY2d 776, 777), we nevertheless are free to make our own credibility assessment and, where proper, make a finding of neglect based upon the record before us (*see, Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J.,* 209 AD2d 525, 526-527; *Matter of Rockland County Dept. of Social Servs. [Kathryn B.],* 186 AD2d 136, 137-138). Here, the proof of the numerous unexplained injuries suffered by the child, coupled with the child's failure to thrive while in the care and custody of respondent, warrants a finding of neglect against respondent.

Upon our independent factual review, therefore, we conclude that the weight of the credible evidence supports a finding that the child was neglected within the meaning of article 10 of the Family Court Act, and we remit the matter to Niagara County Family Court for a dispositional hearing. (Appeal from Order of Niagara County Family Court, Halpin, J.—Neglect.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.