■ In the Matter of Roy BRIER, Petitioner, v CITY UNIVERSITY OF NEW YORK, Respondent. [692 NYS2d 300] —Determination of respondent City University of New York dated August 13, 1995, effective September 8, 1995, dismissing petitioner from his position as Administrative Superintendent of Campus Buildings and Grounds at Lehman College, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered November 8, 1996) dismissed, without costs.

Respondent's findings that petitioner failed to report the loss of keys, failed to take steps to insure that the facilities under his supervision were adequately cleaned and maintained, and was incompetent are supported by substantial evidence, including petitioner's own testimony as well as that of his superiors and co-worker. No basis exists to disturb respondent's credibility findings (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444).The penalty of dismissal does not shock our sense of fairness, particularly in view of petitioner's prior disciplinary record. Concur—Rosenberger, J. P., Williams, Rubin, Mazzarelli and Friedman, JJ.

■ In the Matter of the Guardianship and Custody of LISA M. and Others, Infants. DELLA M., Appellant; ST. CHRISTOPHER-OTTILIE, Respondent. [690 NYS2d 212] —Orders of disposition, Family Court, New York County (Leah Marks, J., at fact finding; Sara Schechter, J., at disposition), entered on or about August 1, 1997, terminating respondent's parental rights to the subject children upon a finding of mental illness, and committing their guardianship and custody to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports Family Court's findings that respondent suffers from a mental illness, the substantial and chronic nature of which, when combined with her history of drug abuse during periods of non-hospitalization, would place the subject children in danger of becoming neglected if they were returned to her care (Social Services Law § 384-b [4] [c]; [6] [a]; Family Ct Act § 1012 [f] [i]). That respondent loves her children or that they have feelings for her does not compensate for her inability to comprehend fully, let alone carry out, the day to day responsibility for their care. Concur—Rosenberger, J. P., Williams, Rubin, Mazzarelli and Friedman, JJ.