■ In the Matter of KHELIA B. and Another, Children Alleged to be Neglected. TONYA W., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [748 NYS2d 352] —Orders, Family Court, New York County (Clark Richardson, J.), entered on or about October 31, 1997, finding, after a hearing, that respondent mother's children were neglected within the meaning of Family Court Act § 1012, unanimously affirmed, without costs.

Family Court's neglect findings against respondent in these child protective proceedings pursuant to article 10 of the Family Court Act were based on the requisite preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The credible testimony established that respondent failed over some eight months to treat a serious rash contracted by her infant daughter in a medically appropriate way. Although the rash had previously been treated successfully with prescribed ointments, respondent, on the occasion of the outbreak here at issue, elected instead to apply a home remedy of vinegar and pennies, which caused the rash to ulcerate, thus impairing the child's health (*see Matter of Faridah W.,* 180 AD2d 451, 452, *lv denied* 80 NY2d 751) and warranting a finding of derivative neglect with respect to the immediately affected child's sibling (*see Matter of Jessica R.,* 230 AD2d 108, 112). The finding of neglect against respondent was additionally warranted by the proof establishing that she suffers from mental illness, i.e., bipolar disorder, that she refuses to be treated for the disorder, and that the disorder, untreated, has left her with significantly impaired judgment respecting, inter alia, the medical needs of her children (*see Matter of Lisa M.,* 261 AD2d 241). Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.