■ In the Matter of MARC A., JR., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MARCEL A. et al., Respondents; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 1.) In the Matter of JULIAN A., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MARCEL A. et al., Respondents; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 2.) In the Matter of MICHELLE A., a Child Alleged to be Abused and Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MARCEL A. et al., Respondents; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 3.) [754 NYS2d 45] —In three related child protective proceedings pursuant to Family Court Act article 10, the petitioner and the Law Guardian separately appeal, as limited by their respective briefs, from so much of an order of the Family Court, Kings County (Lopez-Torres, J.), dated December 7, 2001, as, after a fact-finding hearing, denied the petitions on behalf of the children Julian A. and Michelle A., dismissed those proceedings, and awarded joint custody of all three children to the respondents.

Ordered that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, the abuse and/or neglect petitions on behalf of the children Julian A. and Michelle A. are granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing before a different judge in accordance herewith; and it is further,

Ordered that pending the issuance of a dispositional order by the Family Court, Kings County, following the hearing, the children Michelle A. and Julian A. shall remain in the custody of the Administration for Children's Services and not be removed from their current foster home, and the child Marc A., Jr., shall remain paroled under the supervision of the Administration for Children's Services to his father, the respondent Marc A., Sr.

"Family Court Act § 1046 (a) (ii) 'provides that a prima facie

case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred' " (*Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J.,* 209 AD2d 525, quoting *Matter of Philip M.,* 82 NY2d 238, 243). In this case, a prima facie case of child abuse and/or neglect was clearly established by the expert medical testimony of Dr. Mayank Patel, a pediatrician trained in child abuse, who testified that the round mark on the left shoulder blade of then seven-year-old Michelle A. was a burn from a cigarette or a circular metal object. The depth of the burn necessitated that the cigarette have been pressed to Michelle's skin for approximately 5 to 10 seconds. Upon questioning by Dr. Patel, Michelle indicated that her father had injured her. Based upon the location of the injury and the history provided, Dr. Patel concluded, to a reasonable degree of medical certainty, that the burn was caused by physical abuse. The respondents do not dispute that Michelle was in their care when she was injured.

Upon presentation of such proof, the burden of going forward shifted to the parent or other person responsible for care of the child to offer a reasonable and adequate explanation of how the child sustained the injury (*see Matter of Philip M.,* 82 NY2d 238, 244). The respondents did not present any medical evidence to rebut Dr. Patel's testimony. Instead, to rebut the evidence of parental culpability, the respondents, offering self-serving and contradictory denials, offered only an explanation that Michelle had fallen against a stucco wall. A social worker testified that Michelle could have inflicted the burn upon herself. The Family Court acknowledged that Michelle suffered a "minor injury," but found that the injury "possibly could have been self-inflicted."

Although we are mindful of the fact that considerable deference must be given to the Family Court in its appraisal of the credibility of witnesses (*see Matter of Suffolk County Dept. of Social Servs. [Jameria A.] v Nicole S.,* 266 AD2d 556), we nevertheless are free to make our own credibility assessment and, where proper, issue a finding of abuse and/or neglect on the state of the record before us (*see Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J., supra*). This case warrants such action. The explanations offered by the respondents and other nonmedical witnesses on how the injury was sustained by Michelle are simply unreasonable and unacceptable (*see Matter of Commissioner of Social Servs. of City of*

*N.Y. [Jullian L.] v Hyacinth L.,* 210 AD2d 329, 331; *Matter of Cerda,* 114 AD2d 795; *Matter v Shawniece E.,* 110 AD2d 900; *Matter of Bobby M.,* 103 AD2d 777, 778). Based upon our review of the record, we find that the petitioner established by a preponderance of the evidence that Michelle was abused and/or neglected by the respondents (*see* Family Ct Act §§ 1046 [b] [i]; 1012 [e], [f]).

We further conclude that the proof of the abuse and/or neglect of Michelle was sufficient, upon the particular facts of this case, to establish that Michelle's siblings, Marc A., Jr., and Julian A., were neglected children (*see* Family Ct Act § 1046 [a] [i]; *Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J., supra*).

We note that pursuant to a decision and order of this Court, dated January 17, 2002, the order appealed from was stayed with respect to the subject children. This Court ordered that Michelle A. and Julian A. were to remain in the custody of the Administration for Children's Services and not be removed from their current foster home, and that Marc A., Jr., was to be paroled under the supervision of the Administration for Children's Services to his father, the respondent Marc A. The status quo should be maintained pending the new disposition.

In light of this determination, we need not reach the remaining issue raised by the Law Guardian. Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.