■ In the Matter of RUBINA A., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ASIA A. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 1.) In the Matter of JUBEL A., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ASIA A. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 2.) In the Matter of RUHEL A., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ASIA A. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 3.) In the Matter of SUMON M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ASIA A. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 4.) [764 NYS2d 851] —In four related child protective proceedings pursuant to Family Court Act article 10, the petitioner and the Law Guardian separately appeal from an order of the Family Court, Queens County (Hunt, J.), dated October 8, 2002, which, after a fact-finding hearing, denied the petitions and dismissed the proceedings.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof dismissing the petitions and substituting therefor a provision finding that Rubina A. was sexually abused by Mohammed Waris A.; as so modified, the order is affirmed, without costs or disbursements, the orders of dismissal (one as to each child) dated October 8, 2002, are vacated, the petitions are reinstated, and the matters are remitted to Family Court, Queens County, for a dispositional hearing.

Family Court Act § 1046 (b) (i) requires a finding of abuse or

neglect of a child to be supported by a preponderance of the evidence (*see Matter of Tammie Z.,* 66 NY2d 1 [1985]). Here, a review of the record reveals that the Family Court erred in concluding that the petitioner failed to prove by a preponderance of the evidence that Rubina A. had been abused. Contrary to the conclusion of the Family Court, Rubina A. gave credible testimony regarding the constant and systematic abuse perpetrated upon her by Mohamed Waris A., and whatever contradictions were present in Rubina A.'s testimony can be attributed to familial pressure and a natural reluctance to come forward and testify (*see Matter of Nicole V.,* 71 NY2d 112, 117 [1987]; *Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J.,* 209 AD2d 525 [1994]; *see also Matter of Marc A.,* 301 AD2d 595 [2003]). Thus, a preponderance of the evidence established that Rubina A. was sexually abused by Mohamed Waris A. Accordingly, we reinstate the petitions and remit the matters to the Family Court, Queens County, for a dispositional hearing. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.