■ In the Matter of DAMEN M. and Others, Children Alleged to be Abused and/or Neglected. FRANCESCA M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [765 NYS2d 347] —Orders of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about July 30, 1996, which, in child protective proceedings pursuant to Family Court Act article 10, upon findings of child neglect and abuse, placed respondent mother's five children in the custody of the Administration for Children's Services for an initial period of up to one year, unanimously affirmed, without costs.

Under Family Court Act § 1046 (a) (ii), evidence of injuries to a child of a type not ordinarily sustained or existing except by reason of the acts or omissions of the parent is prima facie proof of abuse or neglect. Here, a prima facie showing of abuse was established by the medical testimony that respondent mother's eight-week-old infant sustained first- and second-degree burns over 20% of her body by reason of immersion in scalding water and that medical treatment was not sought for one to two days after the scalding (see Matter of Marc A., 301 AD2d 595 [2003]; Matter of Tanajhia A., 283 AD2d 708 [2001]; Matter of Khelia B., 298 AD2d 132 [2002]; Matter of Cerda, 114 AD2d 795 [1985]).

Without parental testimony and in the absence of a building engineer's report to substantiate the parents' claim that the child's scalding was attributable to a sudden flow of hot water caused by a defect in their apartment's hot water shut-off valve, the prima facie case of abuse and neglect against respondent mother stood unrebutted and the consequent inferences against her were, accordingly, properly drawn (see Matter of Marc A., supra; Matter of Vincent M., 193 AD2d 398 [1993]). Even if the evidence presented by the parents for the first time at the dispositional hearing were considered in judging the propriety of the fact-finding determination, the outcome would not change. While the engineer testified that the hot water shut-off valve in respondent's apartment would allow hot water to continue to flow after it was shut, he stated that that would not present a problem if the person using the hot water mixed it with cold water from the other valve. He further stated that he had never observed a surge of hot water when both valves were on. The contention that the child's scalding was caused by the faulty shut-off valve rather than a serious failure of parental judgment was further undercut by the medical testimony to the effect that burns having the characteristics of those suffered by the subject infant would not likely have been produced by water suddenly surging from a faucet.

Respondent mother has failed to "demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709 [1988]). In the face of overwhelming adverse evidence, respondent's attorney represented her with great vigor, challenging the doctor's qualifications, engaging in extensive cross-examination, presenting her arguments and attempting to elicit supporting evidence (*see People v Hewlett*, 71 NY2d 841, 842 [1988]). Counsel's strategic choice to admit negligence in summation with respect to the failure to obtain prompt medical treatment had no effect on the outcome. The ultimate findings of neglect and abuse were not on consent and a finding of neglect with respect to the failure to seek medical treatment, as admitted by counsel, was unavoidable.

We have considered respondent's remaining arguments and find them unavailing. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.