(October 30, 2003)

■ In the Matter of KEONE J., a Child Alleged to be Abused and/or Neglected. JOI J. et al., Respondents; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant, et al., Respondent. [766 NYS2d 192] —Order of disposition, Family Court, Bronx County (Carol Stokinger, J.), entered on or about June 11, 2002, in this Family Court Act article 10 proceeding, which, following a fact-finding hearing, dismissed a petition alleging that respondents

Joi J. and Travis R. abused and/or neglected the subject child Keone J., unanimously reversed, on the law and the facts, without costs, the petition against respondents-respondents granted in accordance with the decision herein, and the matter remitted to the Family Court, Bronx County, for a dispositional hearing before a different judge.

This proceeding was initiated on January 18, 2002, after the staff at Jacobi Hospital (the Hospital) reported to the Commissioner of the Administration for Children's Services (ACS) that it had treated a child who was suffering from six fractured ribs. These fractures were at least 10 to 14 days old. Doctors also observed symmetrical bruises on both of the child's upper arms. Additionally, a blood test revealed elevated liver enzymes, which may have been caused by a traumatic injury to the upper abdomen or upper right side of the chest, within the previous four days. Joi J., the child's mother, told the hospital staff that the child may have fallen over a bedframe in her apartment a few nights earlier. They found this explanation inconsistent with the child's injuries.

A fact-finding hearing, at which four witnesses testified, was held on June 4, 10, and 11, 2002. Dr. Jimenez, an expert in pediatric medicine specializing in child abuse and head of the Family Advocacy Program at the Hospital, testified that she had evaluated the child. She opined that absent a viable accidental or organic explanation, the various injuries, which occurred at different times, indicated abuse.

Charmaine Williams, an ACS caseworker, also appeared on behalf of the Commissioner. She had interviewed the mother, Joi J., her live-in boyfriend, Travis R., and the child, Keone. She testified that according to Joi J., Keone may have fallen while in her care, but she was not sure about this. She also stated that Travis R. told her that he often takes care of Keone because Joi J. goes to school at night, and that Keone is a very active child. Williams also stated that Travis R. said he had not heard Keone complain of pain in the rib area prior to January 15, 2002. Williams also averred that Keone told her he was in pain, and may have gotten hurt when his father hugged him very hard.

Joi J. and Travis R. testified that they share responsibility for Keone, including bathing him and getting him dressed for school. Joi J. recounted that prior to January 16, she never noticed that Keone had any bruises. On the night of January 15, after teachers told her that Keone was complaining of pain in his side, Joi J. examined the child. She said she did not see any bruises, and thus decided to wait until the next morning to bring him to the emergency room.

Joi J. also asserted that she had no idea how Keone's ribs had been fractured. She also testified that while Keone had been in her care for most of December 2001 and January 2002, he had spent all but a few hours one day with his father, Joseph C., from December 21, 2001 to January 2, 2002.

At the conclusion of the hearing, the court found that the child had been abused. The court determined that because: (1) the father Joseph C. failed to appear to testify; (2) Keone told the caseworker that his father had given him a very hard hug that hurt; and (3) the medical evidence showed that the fractured ribs were at least 10 days old, that the abuse occurred during the period of time between December 21, 2001 and January 2, 2002. This was the period that the child was visiting his father. The court credited the testimony of Joi J. and Travis R., and determined not to enter a finding of abuse against these respondents. The court released Keone J. to Joi J. and issued a one-year order of protection barring Joseph C. from any contact with Keone, except for court-ordered visitation. The court further ordered Joseph C. to enroll in and complete parenting skills, anger management, and domestic violence counseling. However, this Court granted petitioner's motion for a stay of the dismissal orders and remanded Keone to the Commissioner's temporary custody pending appeal. We reverse.

"[Family Court Act § ] 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Marc A.*, 301 AD2d 595 [2003]). A prima facie showing creates a presumption of culpability, which is rebuttable by either the respondent's own testimony or any other evidence which either explains the injuries or establishes that the child was not in a respondent's care at the relevant time (*Philip M., supra* at 244).

We agree with the Family Court that a prima facie case that Keone had been abused was established by Dr. Jimenez's testimony (*Matter of Marc A., supra* at 596). The record shows that on the morning the child was brought to the hospital, he had six healing rib fractures, which had presumably been accompanied by substantial pain and bruising. He also had symmetrical bruises on his arms, and a blood test revealed evidence of a recent traumatic chest injury unrelated to his fractures. Even assuming the child suffered his rib injuries be-

tween December 21, 2001 and January 2, 2002, while he was under the care of his father, the child's bruises and liver enzyme tests evinced more recent injuries. These must have occurred while Keone was under the care of respondents Joi J. and Travis R., and remain unexplained. Given that Joi J. and Travis R. were taking turns bathing and dressing the child, their testimony denying any awareness of any symptoms is incredible, and has troubling implications for Keone's safety.

Accordingly, we enter a finding of abuse against Joi J. and Travis R., and remand the matter to the Family Court for a dispositional order (*Matter of Marc A., supra*; *see Matter of H. & J. Children*, 209 AD2d 525 [1994]; *Matter of Tiffany F.*, 205 AD2d 429 [1994]; *Matter of Erin QQ*, 180 AD2d 944 [1992]; *Matter of James P.*, 150 AD2d 240 [1989]; *Matter of Cerda*, 114 AD2d 795 [1985]; *Matter of Tashyne L.*, 53 AD2d 629 [1976]). Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.