■ In the Matter of CHRISTINA C., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants-Respondents; TRACEY C. et al., Respondents-Appellants. HOWARD GARDOS, Nonparty Appellant. (Proceedings Nos. 1 and 2.) In the Matter of AMANDA C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants-Respondents; TRACEY C. et al., Respondents-Appellants. (Proceedings Nos. 3 and 4.) In the Matter of BRIANNA C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants-Respondents; TRACEY C. et al., Respondents-Appellants. (Proceedings Nos. 5 and 6.) In the Matter of JESSICA C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants-Respondents; TRACEY C. et al., Respondents-Appellants. (Proceedings Nos. 7 and 8.) [770 NYS2d 647]—In eight related child protective proceedings pursuant to Family Court Act article 10, the Law Guardian appeals, as limited by his brief, from stated portions of an order of fact-finding and disposition of the Family Court, Suffolk County (Pach, J.), entered July 17, 2002, which, after a fact-finding hearing, inter alia, directed that the child Christina C. be placed in the custody of the child's aunt until December 13, 2002, (2) the father cross-appeals, as limited by his brief, from so much of

the same order of fact-finding and disposition as found that he abused Christina C. and derivatively neglected Jessica C., Amanda C., and Brianna C., and (3) the mother and the Suffolk County Department of Social Services separately appeal from the order of fact-finding and disposition entered July 17, 2002. The notices of appeal from a decision of the same court entered May 9, 2002, are deemed premature notices of appeal from the order of fact-finding and disposition entered July 17, 2002. Application by the Suffolk County Department of Social Services to withdraw its appeal.

Ordered that the application is granted, and the appeal by the Suffolk County Department of Social Services is deemed withdrawn, without costs or disbursements; and it is further,

Ordered that the appeal by the mother is dismissed, without costs or disbursements, for failure to perfect the appeal in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c]; [e]); and it is further,

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the child Christina C. with the child's aunt until December 13, 2002, is dismissed as academic, as the period of placement has expired (*see Matter of Sam G.,* 294 AD2d 363 [2002]; *Matter of Jacqueline S.,* 284 AD2d 398 [2001]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the father's contention, the Family Court's findings of abuse with respect to the child Christina C. and of derivative neglect with respect to the other three children were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Marc A.,* 301 AD2d 595, 597 [2003]; *Matter of K. Children,* 253 AD2d 764, 765 [1998]).

The record does not support the Law Guardian's contention that the parental rights of Michael C. and Tracey C. should have been terminated with respect to Christina C. We note that this result is in the best interests of Christina C., as it will allow her to continue to live with her siblings (*see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.