In the Matter of ABIJAH C.P., Also Known as ABIJAH P. and Another. SCO FAMILY OF SERVICES et al., Respondents; JOYCE C., Appellant. [26 NYS3d 345]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Daniel Turbow, J.), dated

November 12, 2014. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, terminated her parental rights, and transferred the guardianship and custody of the child to the Commissioner of Social Services of the City of New York and SCO Family of Services for the purpose of adoption.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother, who has schizoaffective disorder, bipolar type, and a long history of psychiatric hospitalizations, gave birth to the subject child in June 2010. The child was removed from the mother's care and placed in foster care several days after he was born because the mother was behaving erratically. An order of neglect was entered against the mother on consent in October 2011.

In November 2012, the petitioner SCO Family of Services (hereinafter the petitioner) commenced this proceeding pursuant to Social Services Law § 384-b, alleging, in relevant part, that the mother's parental rights should be terminated on the ground of mental illness. A fact-finding hearing was conducted in November 2013. At the hearing, a clinical psychologist testified that the mother could not safely and effectively care for the child due to her mental illness. The mother also testified at the hearing. She acknowledged her diagnosis of schizoaffective disorder, but denied that she had symptoms as often as the psychologist had averred and asserted that she could care for the child. The Family Court determined that the mother suffered from a "mental illness," as defined by the Social Services Law, and terminated the mother's parental rights. The mother appeals.

The petitioner established that the mother is presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the child (see Social Services Law § 384-b [4] [c]; Matter of Tyler M.J. [Adrianna J.], 104 AD3d 768, 768-769 [2013]; Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 713-714 [2012]; Matter of Lisa M., 261 AD2d 241, 241 [1999]). A psychologist who interviewed the mother and reviewed her relevant medical records testified that she suffered from schizoaffective disorder, bipolar type, a chronic condition with which the mother had been diagnosed more than 16 years earlier. The psychologist also testified that, even though the mother fully complied with her psychiatric treatment regimen and was generally stabilized, she continued to

exhibit symptoms, including hallucinations, mood lability, and disturbed thinking, which would place the child at risk of neglect if he were placed in the mother's care (*see Matter of Dederia S.C.*, 26 AD3d 375, 375 [2006]; *Matter of Jon C.*, 305 AD2d 592, 592 [2003]; *Matter of Theone A.A.*, 282 AD2d 290, 291 [2001]). Accordingly, the Family Court's determination was supported by clear and convincing evidence (*see Matter of Tyler M.J. [Adrianna J.]*, 104 AD3d at 768-769; *Matter of B. Mc. [Dawn Mc.]*, 99 AD3d at 713-714; *Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d 962, 963 [2011]; *Matter of Dederia S.C.*, 26 AD3d at 375; *Matter of Michael W.*, 15 AD3d 670, 671 [2005]). Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.