Matter of Avianna M.-G. (Stephen G.) (2018 NY Slip Op 08809)





Matter of Avianna M.-G. (Stephen G.)


2018 NY Slip Op 08809


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1222 CAF 17-00388

[*1]IN THE MATTER OF AVIANNA M.-G. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; STEPHEN G., III, RESPONDENT-APPELLANT.
YORIMAR K.-M., INTERVENOR-RESPONDENT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
ANDREW S. GREENBERG, SYRACUSE, ATTORNEY FOR THE CHILD.
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR INTERVENOR-RESPONDENT. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered January 27, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Stephen G., III, had neglected and abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent Stephen G., III (father) and intervenor Yorimar K.-M. (mother) are the parents of the subject child. Petitioner commenced this proceeding pursuant to Family Court Act article 10 against the parents after it was discovered that the child, who was then four months old, had multiple fractured ribs in various stages of healing. Following a fact-finding hearing, Family Court found that petitioner had established a prima facie case of abuse against both parents (see Family Ct Act § 1046 [a] [ii]). The court further found that the mother had satisfactorily rebutted petitioner's prima facie case of abuse, but that the father had not. The court therefore dismissed the petition against the mother and entered a final order determining, inter alia, that the father abused the child. The father appeals, and we now affirm.
Petitioner established a prima facie case of abuse by submitting "proof of injuries sustained by [the] child . . . of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent," i.e., multiple fractured ribs in various stages of healing (Family Ct Act § 1046 [a] [ii]; see Matter of Wyquanza J. [Lisa J.], 93 AD3d 1360, 1361 [4th Dept 2012]; Matter of Keara MM. [Naomi MM.], 84 AD3d 1442, 1443 [3d Dept 2011]; Matter of Keone J., 309 AD2d 684, 686 [1st Dept 2003]). Contrary to the father's contention, petitioner's "inability . . . to pinpoint the time and date of each injury and link it to [a particular parent is not] fatal to the establishment of a prima facie case" of abuse (Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 73 [1st Dept 2012]). The "presumption of culpability [created by section 1046 (a) (ii)] extends to all of a child's caregivers, especially when they are few and well defined, as in the instant case" (id. at 74), and we agree with the court that the father failed to rebut the presumption that he, as one of the child's parents, was responsible for her injuries (see Wyquanza J., 93 AD3d at 1361; Keone J., 309 AD2d at 686-687).
The father next contends that he was deprived of his right to counsel at a temporary removal hearing conducted immediately after the petition was filed. The entry of a final order following a fact-finding hearing in a Family Court Act article 10 proceeding, however, renders moot any challenge to the procedures employed at an antecedent temporary removal hearing where, as here, the final order is "predicated solely on evidence introduced at the fact-finding hearing" (Matter of Mitchell WW. [Andrew WW.], 74 AD3d 1409, 1411-1412 [3d Dept 2010]; see Matter of Elijah ZZ. [Freddie ZZ.], 118 AD3d 1172, 1174 [3d Dept 2014]; Matter of Frank Y., 11 AD3d 740, 743 [3d Dept 2004]). Thus, given the final order in this case, the father's complaint about his lack of representation at the temporary removal hearing is now moot.
Contrary to the father's further contention, he is not aggrieved by—and thus cannot challenge—the court's dismissal of the petition against the mother (see Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1775-1776 [4th Dept 2017], lv denied 29 NY3d 917 [2017]; Matter of Unique R., 43 AD3d 446, 446-447 [2d Dept 2007]; see generally CPLR 5511). We have considered and rejected the father's remaining contentions.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court