Matter of Jacob V. (Shelly R.--Adonis V.) (2022 NY Slip Op 01407)





Matter of Jacob V. (Shelly R.--Adonis V.)


2022 NY Slip Op 01407


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Docket No. NA-15360-1/16 NA-06156/17 Appeal No. 15432-15433 Case No. 2020-03699, 2020-03998 

[*1]In the Matter of Jacob V. and Others, Children Under Eighteen Years of Age, etc., Shelly R., et al., Respondents-Appellants, Adonis V., Respondent-Respondent, Administration for Children's Services, Petitioner-Respondent. 


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Amanda Caitlin Weingarten of counsel), for Shelly R., appellant.
The Law Office of John R. Eyerman, New York (John R. Eyerman of counsel), for Erikson P., appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for Adonis V., respondent.
Georgia M. Pestana, Corporation Counsel, New York (Deborah E. Wassel of counsel), for ACS, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.



Order, Family Court, Bronx County (Elenor Cherry, J.), entered on or about August 14, 2020, which, to the extent appealed from as limited by the briefs, found that respondents-appellants abused the subject child Jacob V. and derivatively abused and neglected the other subject children, unanimously affirmed, without costs.
Petitioner submitted hospital records and expert testimony that showed that two-year-old Jacob presented to the hospital with serious illness resulting from an esophageal perforation and was found to have healing or healed left rib fractures, older healing or healed right rib fractures, thoracic vertebral abnormality, bruising, and a right wrist fracture. The court determined that the medical evidence did not establish that the right wrist fracture occurred prior to the child's hospitalization, but found that the evidence concerning the other injuries established prima facie that Jacob sustained injuries, which, taken together, would ordinarily not occur absent an act or omission of his caretakers (see Matter of Avianna M.-G. [Stephen G.], 167 AD3d 1523, 1523 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Matter of Maddesyn K., 63 AD3d 1199, 1201 [3d Dept 2009]; Matter of Keone J., 309 AD2d 684, 685 [1st Dept 2003]; Matter of Vincent M., 193 AD2d 398, 402 [1st Dept 1993]; see generally Family Court Act § 1046[a][ii]; Matter of Philip M., 82 NY2d 238, 243-244 [1993]; States v Lourdes Hosp., 100 NY2d 208, 212 [2003]). Contrary to appellants' argument, the court, as the finder of fact, was entitled to conclude that, even without considering the wrist fracture that petitioner's expert included in her assessment, the child's multiple injuries, which occurred within months and were not treated, were the result of abuse (see Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 72 [1st Dept 2012]; Matter of Christopher C., 219 AD2d 519, 519 [1st Dept 1995]).
The burden having shifted to appellants to rebut the evidence of parental culpability (Matter of Philip M., 82 NY2d at 244), they presented medical expert testimony and the mother's testimony. The expert's testimony did not demonstrate that there were no right rib fractures or rebut the evidence of a vertebral deformity. The mother's broad testimony that Jacob's three-year-old brother played roughly with him was not sufficiently specific to establish that the rib fractures, sustained in more than one incident, or the vertebral condition, were accidental. Each of these conditions would have caused pain, according to petitioner's expert, but medical treatment was not sought. Appellants' expert testified that the perforated esophagus was more likely than not caused by accidental trauma, such as ingestion of a sharp object. However, no such object was found. Accordingly, the record supports the court's conclusion that appellants did not adduce sufficient persuasive evidence to show that the constellation of injuries sustained by the child over a short period of time, taken together, were likely [*2]to be nonaccidental (Vincent M., 193 AD2d at 402). Based on the foregoing, the court's finding of abuse was supported by a preponderance of the evidence (see Matter of Avianna M.-G. [Stephen G.], 167 AD3d at 1523; Christopher C., 219 AD2d at 519; Vincent M., 193 AD2d at 402; see generally Family Ct Act § 1046[b][i]).
We have considered appellants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022