■ In the Matter of CHRISTINA MARIA C. COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Appellant; GRETCHEN C. et al., Respondents. — In child neglect proceedings pursuant to article 10 of the Family Court Act, the Commissioner of Social Services appeals from so much of an order of the Family Court, Richmond County (Meyer, J.), dated October 23, 1981, as dismissed the petition insofar as it alleged that Christina C. (Anonymous) was an abused and/or neglected child. Order reversed insofar as appealed from, on the law and the facts, Christina C. (Anonymous) is adjudicated a neglected child, and the matter is remitted to the Family Court, Richmond County, for a dispositional hearing. No costs or disbursements are awarded. The evidence at the fact-finding hearing established that the respondents used unreasonable disciplinary measures against Christina's half brother, Michael, causing a clump of hair to be missing from his scalp, rope burns on his wrists and elbows, burns on his toes, back and several other parts of his body, abrasions and two fractured ribs. At the time of the incidents in question Michael was seven years old and Christina approximately one year old. Respondent Gretchen C. declined to testify at the hearing. The testimony of respondent Jay V., that Michael was uncontrollable and that his injuries were either caused by his unreasonable struggles against reasonable restraint or were self-inflicted, was not believed by the Family Court. The court adjudicated Michael an abused child but dismissed the petition with respect to Christina, concluding that the allegations that she was abused or neglected, or in danger of being abused or neglected, were not supported by a preponderance of the evidence, apparently because there was no proof that she had been subjected to any mistreatment. We disagree. The proof of the respondents' abuse of Michael was sufficient, under the particular facts of this case, to establish that Christina was a neglected child (Family Ct Act, § 1046, subd [a], par [i]). That evidence compels the conclusion that the respondents have distorted notions of how to discipline children; that disobedience by Michael, who was old enough to resist their wishes, was met with Draconian punishment; and that as Christina grows older she will be in danger of similarly harsh punishment for any disobedience on her part. Evidence of the physical abuse of one child logically supports the conclusion that the parents have a faulty understanding of the duties of parenthood and that their other child is therefore neglected because there is a substantial risk that his or her mental, emotional or physical condition is in imminent danger of becoming impaired by the infliction of excessive corporal punishment (Family Ct Act, § 1046, subd [a], par [i], and § 1012, subd [f], par [i], cl [B]). The matter must, therefore, be remitted to Family Court for a dispositional hearing to determine which of the various dispositions authorized by section 1052 of the Family Court Act will best insure that the excessive corporal punishment previously inflicted upon Michael will not also be visited upon Christina, and will, if possible, help the respondents to overcome their problems and thereby maintain the family unit. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.