■ In the Matter of THEMIKA V. DEBRA V., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. [613 NYS2d 708] —In a proceeding pursuant to Family Court Act article 10, the appeal is from a dispositional order of the Family Court, Kings County (Palmer, J.), dated January 23, 1991, made upon a fact-finding order of the same court dated April 25, 1990, finding that Debra V. had allowed her daughter to be sexually abused, which released the child in her custody under the supervision of the Commissioner of Social Services.

Ordered that the order is affirmed without costs or disbursements.

Contrary to the mother's contentions, the Commissioner of Social Services established, by a preponderance of the evidence, a prima facie case that she had allowed her daughter to be sexually abused.

At a fact-finding hearing before the Family Court, petitioner presented two witnesses, Ms. Gellman, a pediatric nurse practitioner, and Ms. Figueroa, a social worker employed by the Children's Aid Society. Their testimony sustained a prima facie case of permitting sexual abuse.

Once a petitioner in a child abuse case has established a prima facie case, the burden shifts to the respondent to rebut the presumption of parental culpability (see, Matter of Philip M., 82 NY2d 238). The mother's failure to come forward at the fact-finding hearing with any explanation to rebut the presumption of parental culpability justified the Family Court in "draw[ing] the strongest inference against [her] that the op-

posing evidence in the record permit[ted]" *(Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141). Mangano, P. J., Altman, Hart and Florio, JJ., concur.