■ In the Matter of WILLIAM GG., and Others, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN GG., Appellant. [635 NYS2d 711] —White, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered August 12, 1994, which, in a proceeding pursuant to Family Court Act article 10, continued an order of protection against respondent.

In 1991, as the result of the sexual abuse by respondent's husband (hereinafter husband) of their daughter, Family Court found the daughter to be an abused and neglected child and their two sons to be neglected children. The order of disposition placed the husband under petitioner's supervision (*see*, Family Ct Act § 1057). Family Court also issued an order of protection against the husband directing him, *inter alia*, not to have contact with the children unless supervised by petitioner. Respondent was also placed under an order of supervision pursuant to Family Court Act § 1054. When Family Court extended this order in 1993, it issued an order of protection against respondent directing her, *inter alia*, not to allow her husband to have any contact with the children unless under the supervision of petitioner. In August 1994, the order of supervision against respondent was allowed to expire. Family Court, however, continued the order of protection against respondent in aid of the orders of supervision and protection against her husband that had been extended annually (*see*, Family Ct Act § 1056). Respondent appeals the extension of the order of protection against her.

Respondent contends that Family Court lost jurisdiction to issue an order of protection against her under Family Court Act § 1056 with the expiration of the order of supervision over her. We disagree with respondent's narrow interpretation of Family Court Act § 1056. The section provides that "[t]he court may make an order of protection in assistance * * * of any other order made under this part". The order of supervision made under Family Court Act § 1057 against respondent's husband is such an order.

Family Court Act § 1056 further provides that "[t]he order of protection may set forth reasonable conditions of behavior to be observed * * * by a person who is before the court and is a parent". As respondent was a person who was before the court and a parent of the children subject to the proceeding, Family Court had jurisdiction to issue the challenged order.

We have examined the remaining contentions raised by respondent and find them to be without merit.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.