■ In the Matter of MARY ALICE V., a Child Alleged to be Abused. HUGH V., JR., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. [635 NYS2d 278] —In a child protective proceeding pursuant to Family Court Act article 10, Hugh V., Jr. appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated July 23, 1993, which denied his motion to vacate (1) so much of a fact-finding order of the same court, entered July 24, 1992, as found that he had sexually abused his sister, Mary Alice V., and (2) a dispositional order of the same court, entered February 9, 1993, upon the fact-finding order, which, *inter alia*, directed that an order of protection be entered preventing him from any contact with Mary Alice V.

Ordered that the order is affirmed, without costs or disbursements.

The appellant contends that he is not a proper party to this child protective proceeding because he was not a person "legally responsible" for his sister Mary Alice V., pursuant to Family Court Act § 1012 (a), during the period he allegedly sexually abused her. However, the appellant's contention is not preserved for appellate review because it was never raised in the proceeding (*see, Matter of Kagels v Kagels*, 209 AD2d 1020; *Matter of Vitti v Vitti.*, 202 AD2d 917, 919). In any event, the appellant's contention is without merit. The definition of a "[p]erson legally responsible" under Family Court Act § 1012 (g) extends to include the 17-year old appellant, who was found to have sexually abused his 4-year old sister while charged with the responsibility of caring for her in the absence of their mother. The appellant resided in the same household as his sister and he had babysat for his sister on previous occasions. Therefore, we conclude that the appellant was a "person legally responsible" under Family Court Act § 1012 (*see generally, Matter of Yolanda D.*, 218 AD2d 648). O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.