■ In the Matter of CHRISTINA I. and Others, Children Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JERRY I., Respondent; JANET I., Appellant. [640 NYS2d 310] —Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered February 10, 1995, which, in a proceeding pursuant to Family Court Act article 10, *inter alia*, adjudicated respondent's children to be neglected.

In June 1994, petitioner filed a petition alleging that Janet I. (hereinafter the mother) neglected her child, Crystal I., and her stepchildren, Christina I. and Penny I. A separate petition was filed alleging that respondent (hereinafter the father) sexually abused his children, Christina and Penny, and that Crystal was at risk of similar abuse. After a fact-finding hearing, Family Court dismissed the neglect petition against the mother upon the ground that there was insufficient evidence of neglect and, in the context of the abuse petition, made a finding of neglect against the father. After a dispositional hearing at which the mother appeared with counsel, Family Court issued an order of protection against the father. Family Court also issued a separate order of protection directing that the mother (1) not allow the father to have any contact with the children unless authorized by the petitioner, (2) not allow the father to be around the children if he had consumed any alcoholic beverages or illegal substances during a period of 12 hours prior to any contact, (3) not commit or allow to be committed any acts which would constitute abuse or neglect, and (4) not consume alcohol in the children's presence or for a period of 12 hours prior to being in their presence. The mother appeals.

We affirm. The mother contends that Family Court lacked jurisdiction over her after dismissing the underlying neglect petition and thereby erred by issuing an order of protection against her. We conclude, however, that the mother's reliance on *Matter of Rasha B.* (139 AD2d 962) is misplaced, and under the circumstances of this case Family Court retained jurisdiction over the mother. As recently stated by this Court in *Matter of William GG.* (222 AD2d 752), "[a]s respondent was a person who was before the court and a parent of the children subject to the proceeding, Family Court had jurisdiction to issue the challenged order". Family Court's finding of neglect against the father and order of disposition, coupled with the father's continuing relationship with the mother and the children, supports Family Court's determination with respect to the order of protection (*see*, Family Ct Act § 1056).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.