■ In the Matter of CHARLESIA J. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; SHAQUANA J., Respondent. MONICA DRINANE, Nonparty Appellant. [721 NYS2d 786] —In a child protective proceeding pursuant to Family Court Act article 10, the Commissioner of the Administration for Children's Services and the Law Guardian separately appeal from an order of the Family Court, Kings County (Lopez-Torres, J.), entered September 8, 2000, which, after a fact-finding hearing, at which it was determined that the child was neglected, dismissed the petition insofar as asserted against the mother.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated insofar as asserted against the mother, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

The petitioner established by a preponderance of the evidence that the mother allowed the infliction of physical abuse on the 20-month-old sister of Charlesia J. (*see, Matter of Marcos C.,* 186 AD2d 446), and that Charlesia was therefore derivatively neglected (*see,* Family Ct Act § 1046 [a] [i]; *Matter of Cruz,* 121 AD2d 901, 902; *Matter of Christina Maria C.,* 89 AD2d 855). Under Family Court Act § 1046 (a) (ii), proof that a child has sustained injuries that would ordinarily not be sustained or exist unless by reason of the acts or omissions of

the parent responsible for the care of the child, is prima facie evidence of child abuse or neglect (*see also, Matter of Philip M.,* 82 NY2d 238, 243). The petitioner met its burden in this case by proving that the fatal injuries sustained by the sister of Charlesia J. were of such a nature as would ordinarily not have been sustained except by reason of acts or omissions that took place while the mother was caring for the infant (*see,* Family Ct Act § 1046 [a] [ii]; [b] [i]). The mother failed to rebut the evidence of parental culpability (*see, Matter of Philip M., supra,* at 244). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.