■ In the Matter of LILLIAN C. ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; GARY W., Appellant. [777 NYS2d 683]—

In a child protective proceeding pursuant to Family Court Act article 10, Gary W. appeals from an order of the Family Court, Queens County (Bogacz, J.), dated November 5, 2003, which, af-

ter a hearing, and upon finding him to be a person legally responsible for the subject child's care pursuant to Family Court Act § 1012 (g), denied his motion to vacate an order of protection issued March 18, 2002, directing him to have no contact with the subject child until she reaches her 18th birthday.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court had jurisdiction over the appellant despite the dismissal of the petition against him. The protective order directing him to stay away from the subject child until her 18th birthday was issued "in assistance . . . of" (Family Ct Act § 1056 [1]) the dispositional order issued against the mother (*see Matter of Christina I.*, 226 AD2d 789 [1996]; *Matter of William GG.*, 222 AD2d 752 [1995]; *cf. Matter of Edwin SS.*, 302 AD2d 754 [2003]; *Matter of Anthony YY.*, 202 AD2d 740, 741 [1994]). The appellant met the statutory definition of a person legally responsible for the child's care (*see* Family Ct Act § 1012 [g]; *Matter of Yolanda D.*, 88 NY2d 790, 797 [1996]; *Matter of Nathaniel TT.*, 265 AD2d 611 [1999]; *Matter of Mary Alice V.*, 222 AD2d 594, 595 [1995]).

Further, the Family Court made an informed judgment that the protective order was necessary "to protect the health and safety of the child and the child's caretaker" (Family Ct Act § 1056 [4]) where there was evidence that the appellant was undermining the mother's authority as a parental figure, the mother testified that the appellant has become a negative influence on the child, and the caseworker personally observed the appellant's controlling behavior.

The appellant's remaining contentions are without merit. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.