■ In the Matter of BESTHANI M., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PEDRO M., Appellant; ANA S., Nonparty Respondent. [785 NYS2d 717]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Weinstein, J.), dated December 14, 2000, as, upon a fact-finding order of the same court dated April 13, 2000, made after a hearing, finding that he sexually abused the subject child, inter alia, placed the subject child with a maternal aunt and placed the father under the supervision of the Administration for Children's Services for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the subject child with a maternal aunt and placed the father under the supervision of the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements, as those portions of the

order of disposition expired by their own terms; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Philip M.,* 82 NY2d 238, 243 [1993]; *Matter of Tammie Z.,* 66 NY2d 1 [1985]). "[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]).

The Family Court has considerable discretion to decide whether a child's out-of-court statements describing incidents of abuse have, in fact, been reliably corroborated and whether the record as a whole supports such finding (*see Matter of Christina F.,* 74 NY2d 532, 536 [1989]; *Matter of Nicole V.,* 71 NY2d 112, 119 [1987]; *Matter of Commissioner of Social Servs. of City of N.Y. [Joanne W.] v Edyth W.,* 210 AD2d 328 [1994]).

Here, the petitioner proved by a preponderance of the evidence that the father sexually abused the subject child. The child provided consistent out-of-court statements regarding the abuse which were corroborated by the child's unsworn in-camera testimony. Under these circumstances, the Family Court acted well within its discretion in concluding that the child's out-of-court statements were sufficiently corroborated by her in-camera testimony (*see Matter of Christina F., supra* at 537-538; *Matter of Commissioner of Social Servs. [Zakheima M.] v Lorenzo M.,* 239 AD2d 498 [1997]). Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.