■ In the Matter of Jasmine A., a Child Alleged to be Abused and Neglected. Commissioner of the Administration for Children's Services of the City of New York, Appellant; Wilfredo A. et al., Respondents. (Proceeding No. 1.) In the Matter of Imotar A., a Child Alleged to be Abused and Neglected. Commissioner of the Administration for Children's Services of the City of New York, Appellant; Wilfredo A. et al., Respondents. (Proceeding No. 2.) In the Matter of Jaffar A., a Child Alleged to be Abused and Neglected. Commissioner of the Administration for Children's Services of the City of New York, Appellant; Wilfredo A. et al., Respondents. (Proceeding No. 3.) In the Matter of Melissa A., a Child Alleged to be Neglected. Commissioner of the Administration for Children's Services of the City of New York, Appellant; Wilfredo A. et al., Respondents. (Proceeding No. 4.) [795 NYS2d 87]—

In four related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Freeman, J.), dated July 12, 2004, which, after fact-finding hearings, dismissed the petitions and vacated all orders relating to parole, visitation, or orders of protection.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof dismissing the petitions insofar as asserted against Wilfredo A., and substituting therefor provisions finding that (1) Jasmine A. was sexually and physically abused by Wilfredo A., (2) Jasmine A., Imotar A., and Jaffar A. were physically abused by Wilfredo A., and (3) Imotar A., Jaffar A., and Melissa A. were derivatively neglected by Wilfredo A.; as so modified, the order is affirmed, without costs or disbursements, the petitions insofar as asserted against Wilfredo A. are reinstated, and the matters are remitted to the Family Court, Kings County, for a dispositional hearing.

In December 2002 the Commissioner of the Administration for Children's Services filed petitions alleging that Jasmine A., who was born on July 18, 1990, was sexually abused by Wilfredo A., her adoptive father. The petitions also alleged that Wilfredo inflicted excessive corporal punishment on Jasmine and her younger brothers, Imotar and Jaffar. The petitions further alleged that Wilfredo Steven A. (hereinafter Steven), Wilfredo's biological son and Jasmine's adoptive brother, sexually abused Jasmine on several occasions. The petitions asserted that Steven was a person legally responsible for the subject children in that he continually, or at regular intervals, resided in the same apartment as the children during the time of the alleged abuse. Finally, based upon the abuse of Jasmine, the petitions alleged derivative abuse and neglect of Imotar, Jaffar, and Jasmine's younger sister, Melissa, in that they were in imminent danger of becoming abused or neglected.

At the fact-finding hearings Jasmine testified that, when she was approximately eight or ten years old, she began to be sexually abused by Wilfredo. She further testified that at certain times Steven also engaged in acts of sexual abuse with her. Ac-

cording to Jasmine's testimony, the sexual abuse occurred for several years before she disclosed it to a friend, whose mother informed Jasmine's school.

In addition to the sexual abuse, Jasmine testified that Wilfredo engaged in corporal punishment of her and her brothers, Imotar and Jaffar. She asserted that Wilfredo hit them with ping-pong paddles, a slipper, and a "police stick."

Jasmine and Steven were the only ones who testified at the fact-finding hearings. The Family Court concluded that Jasmine's testimony was not credible, in part because she stated that the abuse took place on a daily basis, and the petitions were dismissed. The court further concluded that Steven was not a "person legally responsible" as defined in Family Court Act § 1012 (g). We modify.

Family Court Act § 1046 (b) (i) requires a finding of abuse of a child to be supported by a preponderance of the evidence (*see Matter of Tammie Z.,* 66 NY2d 1 [1985]). Here the record reveals that the Family Court erred in concluding that the petitioner failed to prove by a preponderance of the evidence that Jasmine had been abused. Contrary to the conclusion of the Family Court, Jasmine gave credible testimony regarding the constant and systematic abuse perpetrated upon her by Wilfredo. Whatever contradictions were present in Jasmine's testimony were insufficient to render the whole of her testimony incredible or to otherwise disqualify such testimony from establishing the facts of the abuse (*see Matter of Nicole V.,* 71 NY2d 112 [1987]; *Matter of Rubina A.,* 308 AD2d 537 [2003]; *Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J.,* 209 AD2d 525 [1994]).

In addition, inasmuch as Jasmine's testimony established a prima facie case of abuse, the burden shifted to the respondents to rebut the presumption of parental culpability (*see Matter of Philip M.,* 82 NY2d 238 [1993]; *Matter of Themika V.,* 205 AD2d 787 [1994]). As indicated, Wilfredo did not testify at the hearings. It is settled that where a respondent fails to testify at the fact-finding hearing, the court is permitted to draw the strongest possible negative inference against him (*see Noce v Kaufman,* 2 NY2d 347 [1957]; *Matter of Themika V., supra*; *Matter of Margaret B.,* 185 AD2d 710 [1992]). Here, although the Family Court accorded a "negative inference against [Wilfredo]," upon our review of the record, we find that the court failed to draw the "strongest possible" inference in reaching its conclusion regarding the petitions filed against Wilfredo.

However, the Family Court correctly concluded that Steven was not a "person legally responsible" as defined in Family

Court Act § 1012 (g), and thus he could not be the subject of a petition under Family Court Act article 10 (*see generally, Matter of Yolanda D.,* 88 NY2d 790 [1996]; *Matter of Lillian C.,* 8 AD3d 270 [2004]; *Matter of Christopher W.,* 299 AD2d 268 [2002]). In this regard, we note that Steven was not residing in his parents' home when Jasmine became their foster child, and that during his visits to the home thereafter he did not assume any quasi-parental or supervisory role.

Accordingly, a preponderance of the evidence established that Jasmine was sexually abused by Wilfredo, and that Wilfredo physically abused Jasmine and her brothers Imotar and Jaffar. Furthermore, since Wilfredo's conduct towards Jasmine demonstrated a fundamental defect in his understanding of parental duties relating to the care of children, we further conclude that there was sufficient evidence to make a finding of derivative neglect against Wilfredo regarding Imotar, Jaffar, and Melissa (*see Matter of Nicole G.,* 274 AD2d 478, 479 [2000]). Therefore, we reinstate the petitions with respect to Wilfredo and remit the matters to the Family Court, Kings County, for a dispositional hearing. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.