■ In the Matter of KRISTINA R., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Re-

spondent; MARGARITA B. et al., Appellants. (Proceeding No. 1.) In the Matter of NELSON R., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARGARITA B. et al., Appellants. (Proceeding No. 2.) In the Matter of MIGDALENA T., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARGARITA B. et al., Appellants. (Proceeding No. 3.) [800 NYS2d 454]—

In three child protective proceedings pursuant to Family Court Act article 10, (1) the mother, Margarita B., appeals, as limited her brief, from so much of an order of disposition of the Family Court, Kings County (Lim, J.), dated September 5, 2003, as, upon so much of a fact-finding order of the same court dated February 14, 2003, made after a hearing, as found that she abused and neglected the subject child Kristina R., and derivatively abused and neglected the subject children Nelson R. and Gia B., placed Gia B. in the custody of the Administration for Children's Services for a period of 12 months and (2) the father, Joseph B., separately appeals, (a) as limited by his brief, from so much of the same order of disposition as, upon so much of the fact-finding order as found that he abused and neglected Kristina R., and derivatively abused and neglected Nelson R. and Gia B., placed Gia B. in the custody of the Administration for Children's Services for a period of 12 months, upon his consent, and (b) from an order of protection of the same court dated September 16, 2003. The appeals from the order of disposition bring up for review the fact-finding order.

Ordered that the appeal from the order of protection dated September 16, 2003, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeals from so much of the order of disposition as placed Gia B. with the Administration for Children's Services for a period of 12 months are dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the order of disposition as placed Gia B. with the petitioner must be dismissed. With respect to Joseph B., that portion of the order was entered on his consent, and no appeal lies from an order entered on the consent of the appealing party (*see Matter of Kayla M.*, 295 AD2d 613, 614 [2002]; *Matter of Bryan S.*, 286 AD2d 685, 685 [2001]). Moreover, with respect to both appellants, that portion of the order has been rendered academic, as the order expired by its own terms (*see Matter of Desiree C.*, 7 AD3d 522, 523 [2004]; *Matter of Nicole H.*, 277 AD2d 380, 380-381 [2000]).

The petitioner proved by a preponderance of the evidence that Margarita B. and Joseph B. abused and neglected Kristina R. (*see* Family Ct Act § 1012 [e] [i]; [f] [i] [B]; § 1046 [b] [i]; *Matter of Rubina A.*, 308 AD2d 537, 537-538 [2003]). The relevant out-of-court statements were sufficiently corroborated by Kristina R.'s unsworn in camera testimony (*see Matter of Besthani M.*, 13 AD3d 452 [2004]).

With regard to the findings of derivative abuse and neglect, "[e]ven in the absence of direct evidence of actual abuse or neglect of a second child, a derivative finding of neglect should be made where the evidence as to the directly abused or neglected child demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care, thereby making such a child neglected under Family Court Act § 1012 (f) (i) (B)" (*Matter of Ramsay M.*, 17 AD3d 678 [2005] [internal quotation marks omitted]; *Matter of Brittney C.*, 242 AD2d 533, 534 [1997]). Based on the evidence of the abuse and neglect inflicted on Kristina R., the petitioner proved by a preponderance of the evidence that Margarita B. and Joseph B. derivatively neglected the subject children Nelson R. and Gia B. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Ramsay M., supra*).

There is no merit to Joseph B.'s assertion that the Family Court's conduct in combining a hearing pursuant to Family Court Act § 1028 for the return of a child temporarily removed (hereinafter section 1028 hearing) and the fact-finding hearing, which caused the determination of Joseph B.'s application pursuant to Family Court Act § 1028 to be protracted over almost 15 months, mandates that the petition against him be dismissed. We note that a section 1028 hearing "is intended to give a parent an opportunity for a prompt reunion with the child, pending trial" (*Matter of Yan Ping Z.*, 190 Misc 2d 151, 160 [2001]), and that a court has no discretion to deny a parent's application pursuant to section 1028 without a hearing if the statute's

conditions are satisfied (*see Matter of Cory M.*, 307 AD2d 1035, 1036 [2003]; *Matter of Melissa H.*, 62 AD2d 1045 [1978]). Here, Joseph B.'s section 1028 application for the return of Gia B. was rendered academic by the court's conclusion that Joseph B. abused and neglected the subject children. Further, the parents' rights are subordinate to the purpose of Family Court Act article 10, which is to protect children. Finally, there was no indication that the Family Court's choice in combining the section 1028 hearing and the fact-finding hearing prejudiced the outcome of the case (*see Matter of Joseph DD.*, 300 AD2d 760, 764-766 [2002]). Thus, on the facts of this case, any error the Family Court committed in combining the section 1028 hearing with the fact-finding hearing over a protracted period of time does not require reversal. Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur.