■ In the Matter of STEVEN GLENN R., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TRACY B., Respondent; EUGENE D., Appellant. [859 NYS2d 197]—In a child protective proceeding pursuant to Family Court Act article 10, Eugene D., the boyfriend of the mother of the subject child, appeals (1), as limited by his brief, from so much of a fact-finding order of the Family Court, Nassau County (Lawrence, J.), dated June 7, 2006, as, after a hearing, found that he neglected the subject child by placing him in imminent danger of harm, and (2) from an order of protection of the same court dated June 21, 2006, which, upon consent, directed him to stay away from the subject child until June 21, 2007.

Ordered that the appeal from the order of protection dated June 21, 2006, is dismissed, without costs or disbursements, as no appeal lies from an order entered upon consent (*see Matter of Kristina R.,* 21 AD3d 560, 562 [2005]); and it is further,

Ordered that the fact-finding order dated June 7, 2006, is affirmed insofar as appealed from, without costs or disbursements.

Several of the transcripts of the testimony adduced at the fact-finding hearing were not submitted to this Court by the ap-

pellant. Nevertheless, the transcripts that were submitted, coupled with the detailed review of the testimony of the witnesses in the decision and order of the Family Court, permit meaningful appellate review of the portion of the fact-finding order appealed from in this case (*see Eun Lee v Solimano,* 34 AD3d 299 [2006]; *Matter of Sledge v Sledge,* 228 AD2d 310 [1996]).

Contrary to the appellant's contentions, the petitioner established, by a preponderance of the evidence, that the child, Steven, was neglected as a result of the appellant's acts and his complicity in the acts of the mother, through a course of conduct which occurred during the week of August 4, 2003 (*see* Family Ct Act § 1046 [b] [i]; *Matter of Philip M.,* 82 NY2d 238, 243 [1993]; *Matter of Astrid C.,* 43 AD3d 819, 821 [2007]; *Matter of Besthani M.,* 13 AD3d 452, 453 [2004]). The Family Court's determination in a neglect proceeding where issues of credibility are presented is entitled to great deference on appeal, as the court saw and heard the witnesses (*see Matter of Sheneika V.,* 20 AD3d 541, 542 [2005]). In this case, the Family Court's determination that the petitioner established that the appellant had neglected Steven has ample support in the record. Moreover, Steven's out-of-court statements were corroborated by his sworn in camera testimony (*see Matter of Besthani M.,* 13 AD3d at 453; *Matter of Hadja B.,* 302 AD2d 226 [2003]; *see also* Family Ct Act § 1046 [a] [vi]).

The Family Court did not err in denying the appellant's motion for recusal. In the absence of an express violation of Judiciary Law § 14, the decision on a recusal motion based upon alleged bias and prejudice, as in this case, is generally a matter for the court's personal conscience (*see* Judiciary Law § 14; *People v Moreno,* 70 NY2d 403, 405-406 [1987]; *EECP Ctrs. of Am. v Vasomedical, Inc.,* 277 AD2d 349, 350 [2000]). Here, the court providently exercised its discretion.

The parties' remaining contentions are without merit. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.