*562 In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding of the Family Court, Richmond County (McElrath, J.), dated February 1, 2007, as, after a fact-finding hearing, found that she derivatively neglected the children Devontay M. and Devontaya M. and the father separately appeals, as limited by his brief, from so much of the same order, as, after a fact-finding hearing, found that he derivatively neglected the children Devontay M. and Devontaya M.
Ordered that the order is affirmed, without costs or disbursements.
Contrary to the mother’s contention, because the mother’s use of excessive corporal punishment as to the children Devon M. and Devonique M. (see Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; see also Matter of Derek J., 56 AD3d 558 [2008] [decided herewith]) demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence to make a finding of derivative neglect as to Devontay M. and Devontaya M. (see Family Ct Act § 1046 [a] [i]; see also Matter of Joshua R., 47 AD3d 465 [2008]; Matter of Jasmine A., 18 AD3d 546 [2005]; Matter of Christina Maria C, 89 AD2d 855 [1982]).
Further, as to the father, the credible evidence adduced at the fact-finding hearing established that he placed the children in imminent risk of harm by the mother (see Family Ct Act § 1012 [f] [i] [B]; Matter of Kayla W., 47 AD3d 571 [2008]; Matter of Joseph O., 28 AD3d 562 [2006]; Matter of Rakim W., 17 AD3d 376 [2005]). The father was aware of the mother’s use of excessive corporal punishment on the children Devon M. and Devonique M. Further, an order of protection barred the mother’s contact with the children, except for visitation sanctioned by the Administration for Children’s Services, yet the father allowed her to have access to them. Since the father’s judgment demonstrated a fundamental defect in his understanding of parental duties relating to the care of children, there was sufficient evidence to make a finding of derivative neglect as to Devontay M. and Devontaya M. (see Family Ct Act § 1046 [a] [i]; Matter of Jasmine A., 18 AD3d 546 [2005]; Matter of Christina Maria C., 89 AD2d 855 [19821).
The father’s remaining contentions are either without merit or not properly before us. Skelos, J.R, Fisher, Dickerson and Belen, JJ., concur.