■ In the Matter of ANGEL S., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HIPOLITO R., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ANASTASIA P., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HIPOLITO R., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JUSTIN P., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HIPOLITO R., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of NATALIE P., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HIPOLITO R., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of ROGELIA M., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HIPOLITO R., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of SHEILA M.B., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HIPOLITO R., Appellant, et al., Respondent. (Proceeding No. 6.) [886 NYS2d 353]—In six related child protective proceedings pursuant to Family Court Act article 10, Hipolito R. appeals from six orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Hamill, J.), dated September 11, 2008, which, after a hearing, found him to be a person legally responsible for the care of the subject children, found that he abused the child Angel S. by causing his death, found that he derivatively abused the children Anastasia P., Justin P., Natalie P., Rogelia M., and Sheila M.B., and directed him to comply with orders of protection issued in favor of the derivatively abused children.

Ordered that orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly found that he was a "[p]erson legally responsible" for the care of the subject children and, as such, was a proper party to the child protective proceedings (Family Ct Act § 1012 [g]; *see Matter of Yolanda D.,* 88 NY2d 790, 797 [1996]; *Matter of Alfredo T.,* 61 AD3d 690 [2009]; *Matter of Lillian C.,* 8 AD3d 270, 271 [2004]; *Matter of Nathaniel TT.,* 265 AD2d 611, 612-613 [1999]; *Matter of Mary Alice V.,* 222 AD2d 594, 595 [1995]). Furthermore, the evidence before the Family Court amply supported its determination that the appellant abused the child Angel S. by causing his death, and that he derivatively abused the other subject children. Rivera, J.P., Florio, Miller and Austin, JJ., concur.