■ In In the Matter of ANDREW W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RANDOLPH A.W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of PRICILLA W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RANDOLPH A.W., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of MICHAEL W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RANDOLPH A.W., Appellant, et al., Respondent. (Proceeding No. 3.) [919 NYS2d 890]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Queens County (Richardson-Mendelson, J.), dated March 1, 2010, as, upon a fact-finding order of the same court dated December 1, 2009, made after a hearing, finding that he abused Pricilla W., and derivatively neglected Andrew W. and Michael W., placed the children in the custody of the Administration for Children's Services. The appeal brings up for review the fact-finding order dated December 1, 2009.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the petitioner established by a preponderance of the evidence that he sexually abused his daughter (*see* Family Ct Act § 1046 [b] [i]; *Matter of Liza O.*, 47 AD3d 632 [2008]). The daughter's out-of-court account of the abuse was corroborated both by her brother's out-of-court account as a witness to the abuse, and by the testimony of an expert in clinical and forensic psychology, with a specialization in child abuse, who evaluated the children (*see Matter of Nicole V.*, 71 NY2d 112, 120-121 [1987]; *Matter of Tristan R.*, 63 AD3d 1075, 1076-1077 [2009]). Moreover, the Family Court providently exercised its discretion in drawing a negative inference against the father for his failure to testify on his own behalf (*see Matter of Tajani B.*, 49 AD3d 876, 877 [2008]).

The evidence that the father sexually abused his daughter evinced his flawed understanding of the duties of a parent and impaired parental judgment sufficiently to support the Family

Court's finding that her two brothers were derivatively neglected (*see Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]). Rivera, J.P., Chambers, Hall and Lott, JJ., concur.