In the Matter of CHRISTIANA C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLETON C., Appellant. [928 NYS2d 50]—

The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Robbins v Robbins*, 48 AD3d 822 [2008]). Here, the Family Court credited the testimony of the mother regarding an incident of domestic violence in the home, and there is no basis to disturb that determination on appeal (*see Matter of Stefani C.*, 61 AD3d 681 [2009]).

Furthermore, the Family Court was entitled to draw a strong inference against the father upon his failure to testify at the fact-finding hearing (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]; *Matter of Tami G.*, 209 AD2d 869 [1994]), and the Family Court providently exercised its discretion in doing so (*see Matter of Andrew W. [Randolph A.W.]*, 83 AD3d 727 [2011]; *Matter of Tajani B.*, 49 AD3d 876 [2008]; *Matter of LeVonn G.*, 20 AD3d 530 [2005]; *Matter of Joseph C.*, 297 AD2d 673 [2002]).

The Family Court properly found that the Suffolk County Department of Social Services (hereinafter DSS) established by a preponderance of the evidence that the father neglected the subject child (*see* Family Ct Act § 1046 [b]). DSS showed that the child was actually or imminently harmed by reason of the father's failure to exercise even minimal care in providing her with proper oversight (*see* Family Ct Act § 1012 [f] [i]; *Matter of Afton C. [James C.]*, 17 NY3d 1 [2011]; *Nicholson v Scoppetta*, 3 NY3d 357, 372 [2004]; *Matter of Angelique L.*, 42 AD3d 569 [2007]).

In addition, DSS established by a preponderance of the evidence that the father neglected the child by engaging in acts of domestic violence against the mother in the child's presence, thereby creating an imminent danger that the child's physical, mental, and emotional health would be harmed (*see Matter of Jayda D.-B.*, 33 AD3d 998 [2006]; *see also Matter of Briana F. [Oswaldo F.]*, 69 AD3d 718 [2010]).

The father's contention that he did not receive effective assistance of counsel is without merit. The evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that the father's attorney provided meaningful representation (*see People v Baldi*, 54

NY2d 137, 147 [1981]). Counsel presented a reasonable defense, made appropriate objections throughout the hearings, and effectively cross-examined witnesses. Unsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel (*see People v Smith*, 12 AD3d 707 [2004]; *People v Adams*, 12 AD3d 523 [2004]; *People v Washington*, 5 AD3d 615 [2004]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.