In the Matter of ALEXANDER M., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN M., Appellant. (Proceeding No. 1.) In the Matter of PATRICK W., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN M., Appellant. (Proceeding No. 2.) [930 NYS2d 893]—

In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (*see* Fam-

ily Ct Act § 1046 [b] [i]; *Matter of Philip M.*, 82 NY2d 238 [1993]; *Matter of Tammie Z.*, 66 NY2d 1 [1985]; *Matter of Besthani M.*, 13 AD3d 452 [2004]). Here, contrary to the appellant's contention, the Family Court's finding of neglect based on the use of excessive corporal punishment is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247 [2011]; *Matter of Isaiah S.*, 63 AD3d 948 [2009]; *Matter of Joshua B.*, 28 AD3d 759 [2006]; *Matter of Joseph O.*, 28 AD3d 562 [2006]).

"[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]). The Family Court has considerable discretion to decide whether a child's out-of-court statements describing incidents of abuse have, in fact, been reliably corroborated and whether the record as a whole supports such a finding (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Besthani M.*, 13 AD3d at 453).

Here, the subject children's out-of-court statements were sufficiently corroborated (*see Matter of Joshua B.*, 28 AD3d at 760-761; *Matter of Besthani M.*, 13 AD3d at 453). Viewing the record as a whole, and according great deference to the Family Court's credibility determinations (*see Matter of Joseph O.*, 28 AD3d at 563), we discern no basis to disturb the Family Court's finding of neglect (*see Matter of Joshua B.*, 28 AD3d at 761). Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.