In the Matter of KASSANDRA V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SYLVIA L., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of GIANNA C., Also Known as GIANNA L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SYLVIA L., Appellant, et al., Respondent. (Proceeding No. 2.) [935 NYS2d 607]—

At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1 [1985]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2010]). A child's out-of-court statements may form the basis for a finding of abuse or neglect if they are sufficiently corroborated by other evidence tending to support their reliability (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 123 [1987]), and the Family Court has considerable discretion in deciding whether a child's out-of-court statements describing incidents of abuse or neglect have been reliably corroborated, and whether the record as a whole supports a finding of abuse or neglect (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Nicole V.*, 71 NY2d at 119; *Matter of Imman H.*, 49 AD3d 879, 880 [2008]; *Matter of Katherine S.*, 271 AD2d 538 [2000]).

Contrary to the mother's contention, the Family Court's determination that she sexually abused the child Gianna C., also known as Gianna L., is supported by a preponderance of the evidence. Gianna C.'s out-of-court statement that her mother had committed an act of sexual abuse upon her was corroborated by the expert testimony of two psychologists who evaluated Gianna C., and concluded that she exhibited behavior indicative of sexual abuse (*see Matter of Jaclyn P.*, 86 NY2d 875, 877-878 [1995], *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.*, 516 US 1093 [1996]; *Matter of Nicole V.*, 71 NY2d at 120-121; *Matter of Andrew W. [Randolph A.W.]*, 83 AD3d 727 [2011]; *Matter of Tristan R.*, 63 AD3d 1075, 1077 [2009]; *Matter of Candace S.*, 38 AD3d 786, 787-788 [2007]; *Matter of Cassandra C.*, 300 AD2d 303, 304 [2002]).

Further, evidence that the mother sexually abused Gianna C., and additionally failed to protect that child from being repeatedly sexually abused by the father, demonstrates that she has a flawed understanding of her duties as a parent and a lack of judgment sufficient to support a finding that she derivatively neglected Kassandra V. (*see Matter of Andrew W. [Randolph A.W.]*, 83 AD3d at 727-728; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177 [2010]; *Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]; *Matter of Abigail S.*, 21 AD3d 380, 381 [2005]).

The parties' remaining contentions are without merit. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.