— In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Whelan, J.), dated June 10, 2011, which, after fact-finding and dispositional hearings, found that he neglected the subject child, and placed the father under the supervision of the Suffolk County Department of Social Services pursuant to enumerated terms and conditions for a period of one year.
*758 Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see also Family Ct Act § 1046 [b] [i]). Under the facts of this case, including the strong negative inference which the Family Court was entitled to draw against the father upon his failure to testify at the fact-finding hearing (see Matter of Delehia J. [Tameka J.], 93 AD3d 668 [2012]; Matter of Christiana C. [Carleton C.], 86 AD3d 606, 607 [2011]; Matter of Jasmine A., 18 AD3d 546, 548 [2005]), the evidence was sufficient to support the Family Court’s finding of neglect against the father (see Matter of Hannah A. [Jibrine A.], 84 AD3d 951, 952 [2011]; Matter of Elijah J. [Phillip J.], 77 AD3d 835 [2010]).
The father’s remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.