■ In the Matter of AMBER C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MIGUEL C., Appellant. [961 NYS2d 492]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the

Family Court, Kings County (McElrath, J.), dated September 21, 2011, which, after a hearing, found that he sexually abused the subject child, and (2) an order of disposition of the same court dated March 7, 2012, which, upon the fact-finding order, and after a dispositional hearing, placed the father under the supervision of the Administration for Children's Services for a period of six months, pursuant to stated terms and conditions.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the father under supervision of the Administration for Children's Services for a period of six months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046 [b] [i]). A child's out-of-court statements may form the basis for a finding of abuse or neglect if they are sufficiently corroborated by other evidence tending to support their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 123 [1987]; Matter of Alexander M. [Benjamin M.], 88 AD3d 794 [2011]), and the Family Court has considerable discretion in deciding whether a child's out-of-court statements describing incidents of abuse or neglect have been reliably corroborated (see Matter of Christina F., 74 NY2d 532, 536 [1989]; Matter of Nicole V., 71 NY2d at 119; Matter of Kassandra V. [Sylvia L.], 90 AD3d 940, 941 [2011]).

Contrary to the father's contention, the Family Court's determination that he sexually abused the subject child is supported by a preponderance of the evidence. The subject child's out-of-court statement that her father had committed acts of sexual abuse upon her was corroborated by the testimony of an expert in clinical and forensic psychology, with a specialization in child abuse, who evaluated the subject child, and concluded that she exhibited behavior indicative of sexual abuse (see Matter of Nicole V., 71 NY2d at 120-122; Matter of Kassandra V. [Sylvia L.], 90 AD3d at 941; Matter of Andrew W. [Randolph A.W.], 83 AD3d 727 [2011]; Matter of Amber B., 39 AD3d 743 [2007]).

The father's remaining contentions are without merit. Skelos, J.P., Leventhal, Hall and Sgroi, JJ., concur.