In a child protective proceeding pursuant to Family Court Act article 10, Owana E. appeals (1) from a fact-finding order of the Family Court, Kings County (Beckoff, J.), dated January 3, 2012, which, after a hearing, found that he sexually abused the subject child, and (2), as limited by his brief, from so much of an order of disposition of the same court dated February 6, 2012, as, upon the fact-finding order, and after a dispositional hearing, directed him to complete a sex offender program.
Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
*816 The appellant, the boyfriend of the subject child’s mother, contends that he was not a “[p]erson legally responsible” for the care of the child pursuant to Family Court Act § 1012 (g). The appellant’s contention is without merit as, under the circumstances, he met the statutory definition of a person legally responsible for the care of the subject child (see Family Ct Act § 1012 [g]; Matter of Yolanda D., 88 NY2d 790, 797 [1996]; Matter of Alfredo T, 61 AD3d 690 [2009]; Matter of Lillian C., 8 AD3d 270, 271 [2004]; Matter of Mary Alice V., 222 AD2d 594, 595 [1995]).
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046 [b] [i]). A child’s out-of-court statements may form the basis for a finding of abuse or neglect if they are sufficiently corroborated by other evidence tending to support their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 123 [1987]; Matter of Amber C. [Miguel C.], 104 AD3d 845 [2013]; Matter of Alexander M. [Benjamin M.], 88 AD3d 794 [2011]). The Family Court has considerable discretion in deciding whether a child’s out-of-court statements describing incidents of abuse or neglect have been reliably corroborated (see Matter of Christina F., 74 NY2d 532, 536 [1989]; Matter of Nicole V., 71 NY2d at 119; Matter of Amber C. [Miguel C.], 104 AD3d at 846; Matter of Kassandra V. [Sylvia L.], 90 AD3d 940, 941 [2011]).
Contrary to the appellant’s contention, the Family Court’s determination that he sexually abused the subject child is supported by a preponderance of the evidence. The subject child’s out-of-court statement regarding the acts of sexual abuse upon her was corroborated by an expert in clinical and forensic psychology, with a specialization in child abuse, who evaluated the subject child and concluded that she exhibited behavior indicative of sexual abuse (see Matter of Nicole V., 71 NY2d at 120-122; Matter of Amber C. [Miguel C.], 104 AD3d at 846; Matter of Kassandra V. [Sylvia L.], 90 AD3d at 941; Matter of Andrew W. [Randolph A.W.], 83 AD3d 727 [2011]; Matter of Amber B., 39 AD3d 743 [2007]).
The appellant’s remaining contention is without merit. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.