In two related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated January 22, 2013, which, after fact-finding and dispositional hearings, found that he neglected the subject children and directed, inter alia, that he attend a parenting skills program and undergo a substance abuse evaluation.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In a fact-finding hearing held pursuant to Family Court Act article 10, any determination that the child is abused or neglected must be based on a preponderance of the evidence (Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117 [1987]; Matter of Tammie Z., 66 NY2d 1 [1985]; Matter of Dareth O., 304 AD2d 667, 668 [2003]). “The Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record” (Matter of Christiana C. [Carleton C.], 86 AD3d 606, 607 [2011]).
The children’s mother testified at the fact-finding hearing that during the children’s visitation with the father on a certain date, she observed that his speech was slurred, his eyes were bloodshot, he was unsteady on his feet, and he smelled of alcohol. Evidence was also adduced that the father had multiple alcohol-related arrests and had misused alcohol in the children’s presence.
Contrary to the father’s contention, the Family Court properly credited the mother’s testimony regarding the alcohol-related incident involving the father, and properly found that the Suffolk County Department of Social Services established by a preponderance of the evidence that he had neglected the subject children by his misuse of alcohol which impaired, or was in danger of impairing, the children’s physical, mental, or emotional condition (see Matter of Alaysha E. [John R.E.], 94 AD3d 988, 989 [2012]; Matter of Christiana C. [Carleton C.], 86 AD3d at 607; Matter of Tylasia B. [Wayne B.], 72 AD3d 1074 [2010]; Matter of Samara M., 19 AD3d 214 [2005]).
Accordingly, the Family Court properly found that the father neglected the subject children and directed, inter alia, that the father attend a parenting skills program and undergo a *628 substance abuse evaluation. Dillon, J.P, Angiolillo, Roman and Sgroi, JJ., concur.