In the Matter of Giannis F., a Child Alleged to be Abused. Manny M., Appellant; Administration for Children's Services, Respondent, et al., Respondent. [64 NYS3d 531]—

Order of disposition, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about March 18, 2014, which, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about December 16, 2013, found that respondent Manny M. was a person legally responsible for the subject child when he sexually abused her, unanimously affirmed, without costs.

Respondent failed to preserve for appellate review his argument that he was not a person legally responsible for the child (*see Matter of Alijah S. [Daniel S.]*, 133 AD3d 555 [1st Dept 2015], *lv denied* 26 NY3d 917 [2016]), and we decline to consider it.

Were we to consider it, we would find that the record supports the determination that respondent, the subject child's older half-brother, was a person legally responsible for the child under Family Court Act § 1012 (g) (*see Matter of Trenasia J. [Frank J.]*, 25 NY3d 1001, 1005-1006 [2015]; *Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]). The child testified that respondent repeatedly sexually abused her over a period of nearly four years, and that her mother did not believe her when she disclosed his conduct to her, resulting in a neglect finding against the mother (*see* 134 AD3d 457 [1st Dept 2015]). Although respondent was a minor when he began abusing his half sister, who is five years younger than he, the statutory definition of a "[p]erson legally responsible" does not exclude minors (Family Ct Act § 1012 [g]), and minor siblings can fall within its ambit (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 180 [2004]; *Matter of Mary Alice V.*, 222 AD2d 594 [2d Dept 1995], *lv denied* 87 NY2d 811 [1996]). Furthermore, respondent had reached the age of majority when some of the acts of sexual abuse took place. Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.