Matter of Dazinee F. (Tashae T.) (2024 NY Slip Op 00070)

Matter of Dazinee F. (Tashae T.)

2024 NY Slip Op 00070

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-03466
 (Docket Nos. N-7350-21, N-7351-21)

[*1]In the Matter of Dazinee F. (Anonymous). Administration for Children's Services, petitioner; Tashae T. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Samynee L. (Anonymous). Administration for Children's Services, respondent; Tashae T. (Anonymous), appellant. (Proceeding No. 2.)

Geanine Towers, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Elina Druker and Kate Fletcher of counsel), for respondent.
Janet L. Brown, Jamaica, NY, attorney for the child Dazinee F.
Twlya Carter, New York, NY (Dawne A Mitchell, Judith Stern, and William Nicholas of counsel), attorney for the child Samynee L.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated April 5, 2022. The order denied the mother's application for a hearing pursuant to Family Court Act § 1028 for the return of the child Samynee L.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner, inter alia, commenced this neglect proceeding pursuant to Family Court Act article 10 against the mother of the subject child Samynee L., seeking to remove the child from the mother's home pursuant to Family Court Act § 1027. In an order dated September 28, 2021, made after a hearing wherein the mother was represented by counsel, the Family Court determined that the child was at imminent risk of harm if left in the mother's care, but that an order could be put in place to mitigate the risk of harm to the child. The court directed, among other things, that the mother cooperate with agency supervision by allowing for announced and unannounced visits to her home, submit to random drug and alcohol testing and test negative, and submit to a mental health evaluation and comply with any recommended services.
The petitioner thereafter made an application to remove the child from the mother's home based upon, inter alia, the mother's failure to comply with the September 28, 2021 order. In [*2]an order dated November 30, 2021, made after a hearing, the Family Court granted the petitioner's application and the child was removed from the mother's home. The court determined, among other things, that the mother had "fail[ed] to participate in the services necessary to mitigate the child['s] . . . risk of harm."
On March 25, 2022, the mother filed an application pursuant to Family Court Act § 1028 for the return of the child to her care. In support of the application, the mother's attorney represented that despite the Family Court's order removing the child from the mother's home, the child had returned to the mother's home and continued living with the mother "since early November," had "physically resisted efforts to enforce the removal order," and did not leave the mother's home until March 12, 2022. Accordingly, the mother argued that "good cause" existed for the court to hold a hearing pursuant to Family Court Act § 1028(a) since the child "evince[d] a clear desire to remain in her home with her mother," and the petitioner was likely "in regular contact with [the child] and would have filed an appropriate pleading for relief from the court if she were at risk of harm in the care of her mother."
On April 5, 2022, the parties appeared before the Family Court on the mother's application. The petitioner introduced a copy of a complaint sworn to by the mother in December 2021 and directed to the Federal Bureau of Investigation (hereinafter the FBI complaint). In the FBI complaint, the mother, inter alia, disputed that the court could exercise jurisdiction over her. The mother, who refused to testify, introduced copies of text messages between her and the child's teacher, as well as a progress report sent to the mother from the child's school.
In an order dated April 5, 2022, the Family Court denied the mother's application, determining that "[t]he mother's filing with the FBI, raises more concerns about her mental well being and clearly articulates the mother's refusal to cooperate with any orders that could be fashioned by the court to keep the child safe in [her] care." The mother appeals.
"[A] section 1028 hearing is intended to give a parent an opportunity for a prompt reunion with the child, pending trial, and . . . a court has no discretion to deny a parent's application pursuant to section 1028 without a hearing if the statute's conditions are satisfied" (Matter of Kristina R., 21 AD3d 560, 562- 563 [citation and internal quotation marks omitted]). Under Family Court Act § 1028(a), "[u]pon the application of the parent . . . of a child temporarily removed . . . , the court shall hold a hearing to determine whether the child should be returned (i) unless there has been a hearing pursuant to section one thousand twenty-seven of this article on the removal of the child at which the parent or other person legally responsible for the child's care was present and had the opportunity to be represented by counsel, or (ii) upon good cause shown."
Here, contrary to the mother's contention, the Family Court did not err in denying her application for a hearing pursuant to Family Court Act § 1028. The mother was present and represented by counsel during the hearing held pursuant to Family Court Act § 1027. Additionally, although the court acknowledged that the mother presented some evidence that she had tried to ensure that the child was up to date on her schoolwork, the mother failed to present any evidence that she had complied, or was willing to comply, with the September 28, 2021 order. Therefore, under the circumstances of this case, the mother failed to show good cause why a hearing pursuant to Family Court Act § 1028 was warranted (see id. § 1028[a]; Matter of Branson M. [Justin M.], 209 AD3d 435, 436).
Accordingly, the Family Court properly denied the mother's application for a hearing pursuant to Family Court Act § 1028.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court